1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:   (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   ELEKTRA ENTERTAINMENT GROUP
7  INC.; UMG RECORDINGS, INC.; and
   SONY BMG MUSIC ENTERTAINMENT
8

9              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
10               SAN FRANCISCO DIVISION

11

12 ELEKTRA ENTERTAINMENT GROUP INC.,        CASE NO. 3:07-CV-06027-EDL
   a Delaware corporation; UMG RECORDINGS,
13 INC., a Delaware corporation; and SONY BMG   **Honorable Elizabeth D. Laporte**
   MUSIC ENTERTAINMENT, a Delaware
14 general partnership,                          ***EX PARTE* APPLICATION TO CONTINUE
15                                              CASE MANAGEMENT CONFERENCE
                    Plaintiffs,                 AND EXTEND TIME TO SERVE
16                                              DEFENDANT AND [PROPOSED] ORDER**
17          v.

18 JOHN DOE,

19                  Defendant.

20

21

22

23

24

25

26

27

28

---

Plaintiffs respectfully request that the Court continue the case management conference currently set for March 4, 2008, at 10:00 a.m. to June 10, 2008.  Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint.  As further explained below, Plaintiffs have not yet discovered the identity of the Doe defendant in this case, and cannot move this case forward until they do so.  In support of their request, Plaintiffs state as follows:

1.      The initial case management conference is currently scheduled for March 4, 2008, at 10:00 a.m.  The current deadline for service of process is March 28, 2008.  No previous continuances or extensions have been requested or granted in this case.

2.      Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on November 29, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP").  Accordingly, in order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on November 29, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

3.      The Court entered an Order for Leave to take Immediate Discovery on January 29, 2008, which was promptly served upon the ISP along with a Rule 45 subpoena.  Plaintiffs expect the ISP to respond to the subpoena on March 14, 2008.

4.      Once Plaintiffs receive the Doe Defendant's identifying information, Plaintiffs intend to send a letter to Defendant notifying him or her of Plaintiffs' claims and inviting Defendant to contact Plaintiffs and attempt resolution of the dispute.  If the dispute cannot be resolved, Plaintiffs intend to file a First Amended Complaint naming Defendant personally, and then proceed to serve process upon him or her.

5.      Given the foregoing circumstances, and because Plaintiffs will not learn Defendant's identity until after the date of the currently scheduled case management conference, Plaintiffs respectfully request that the case management conference be continued to June 10, 2008, or such other date as conveniences the Court.

6.      Plaintiffs also request an additional 90 days to effectuate service.  Given that the current deadline for service of process expires just fourteen days after Plaintiffs expect to learn Defendant's identity, Plaintiffs would be left with little time to contact Defendant and attempt to resolve the dispute, or to amend the Complaint and begin service attempts on Defendant if attempts to resolve the dispute fail.

7.      Plaintiffs submit that their plans to notify Defendant of their claims (once he or she is identified) and attempt to resolve the case before naming him or her in the lawsuit constitute good cause under Rule 4(m) for any delay in perfecting service.  *See, e.g., Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same).  Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena to the ISP, a process which is not yet complete.  This Court has discretion to enlarge the time to serve even where there is no good cause shown.  *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

8.      Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no prejudice to Defendant from any delay in serving the Complaint.

9.      Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated:  February 22, 2008                                  HOLME ROBERTS & OWEN LLP


                                                                    By:  _____*/s/ Matthew Franklin Jaksa*____
                                                                                MATTHEW FRANKLIN JAKSA
                                                                                Attorney for Plaintiffs

1

**[PROPOSED] ORDER**

2      Good cause having been shown:

3      **IT IS ORDERED** that the case management conference currently set for March 4, 2008, at

4  10:00 a.m. be continued to June 10, 2008.

5      **IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules

6  4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to

7  June 26, 2008.

8

9

10

11  Dated: _____          By: _____

12                                                     Honorable Elizabeth D. Laporte
                                                       United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28